**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL B. WILLIAMS, JR., | No. 4:25-CV-00924 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

**FEBRUARY 24, 2026**

Plaintiff Michael B. Williams, Jr., is a serial *pro se* litigant who is currently incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania (SCI Huntingdon).  He filed the instant *pro se* Section 1983[1] action in 2025, alleging a plethora of unrelated Section 1983 claims against hundreds of different defendants.  Williams' complaint plainly violates multiple pleading rules and standards and will therefore be dismissed with leave to amend.

## I.    STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2]

---

[1]    42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]    *See* 28 U.S.C. § 1915A(a).

Because Williams proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[3]  This is particularly true when the *pro se* litigant, like Williams, is incarcerated.[4]

## II.    DISCUSSION

Williams is no stranger to federal court.  It appears that he has filed multiple lawsuits in the United States District Court for the Eastern District of Michigan,[5] the United States District Court for the Western District of Pennsylvania,[6] as well as an unsuccessful appeal at the Third Circuit in one of those Pennsylvania cases.[7]

In the case at bar, Williams attempts to sue nearly *four hundred* different defendants, including police officers, prosecutors, judges, public defenders, private attorneys, witnesses, medical practitioners, scientists, low-level corrections officers at numerous state correctional institutions, prison administrative officials, grievance officers, superintendents, and even the Secretary of the Pennsylvania Department of Corrections (DOC).  The named defendants are from geographically diverse areas such as Detroit, Michigan; Erie, Pennsylvania; Frackville,

---

[3]    *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[4]    *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[5]    *See generally Williams v. Penman*, No. 2:19-cv-12505 (E.D. Mich.); *Williams v. Penman*, No. 2:23-cv-11230 (E.D. Mich.); *Williams v. Spagel*, No. 2:25-cv-10860 (E.D. Mich.).
[6]    *See generally Williams v. Spagel*, No. 15-cv-00304 (W.D. Pa.); *Williams v. Spagel*, No. 1:22-cv-00334 (W.D. Pa.).
[7]    *See generally Williams v. Spagel*, No. 24-1503 (3d Cir.).

2

Pennsylvania; Collegeville, Pennsylvania; Albion, Pennsylvania; Bellefonte, Pennsylvania; and Mechanicsburg, Pennsylvania.[8]

Williams' sprawling, omnibus complaint spans 36 mostly single-spaced, small-font pages, and contains vague, conclusory, and largely unrelated claims against the hundreds of defendants named in his pleading.  He appears to challenge actions and conduct stretching back nearly two decades, and many of his outdated claims have already been raised and adjudicated in his district court litigation.[9] Because Williams' excessively verbose and overlong complaint plainly violates multiple pleading rules, the Court will dismiss it without prejudice and give him the chance to try again.

### A.    Federal Rules of Civil Procedure Pleading Requirements

Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."[10]  Each allegation of a pleading must be "simple, concise, and direct."[11]  Together, Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the

---

[8]    *See generally* Doc. 1-2.
[9]    *See Williams v. Spagel*, No. 24-1503, Doc. 18 at 3-4 (3d Cir. Aug. 9, 2024) (nonprecedential); *see generally Williams v. Penman*, No. 2:23-cv-11230 (E.D. Mich.).
[10]   FED. R. CIV. P. 8(a)(1), (2).
[11]   FED. R. CIV. P. 8(d)(1).

federal pleading rules."[12]  A statement must be plain "to give the adverse party fair notice of the claim asserted so as to enable [the party] to answer and prepare for trial," and must be short to avoid placing "an unjustified burden on the court and the part[ies] who must respond to it because they are forced to select the relevant material from a mass of verbiage."[13]  "Rule 8(a) requires that a complaint be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim."[14]  As the United States Court of Appeals for the Third Circuit has explained, "a district court acts within its discretion when it dismisses an excessively prolix and overlong complaint," especially after the litigant has been given an opportunity "to better tailor [his] pleading."[15]

Williams' complaint is a model of excessively prolix and overlong pleading, "constituting a significant departure from the spirit and letter of Rule 8."[16]  As noted above, his complaint names almost *four hundred* different defendants and spans 36 mostly single-spaced, small-font pages.  Just reading through the

---

[12]  *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (quoting 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 1217 at 169 (2d ed. 1990)).

[13]  *Folk v. Bureau of Prisons*, No. 21-1543, 2021 WL 3521143, at *3 (3d Cir. Aug. 11, 2021) (nonprecedential) (second alteration in original) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

[14]  *Glover v. F.D.I.C.*, 698 F.3d 139, 147 (3d Cir. 2012) (internal quotation marks and citation omitted)

[15]  *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019), *cert. denied*, __ U.S. __, 140 S. Ct. 1611 (2020) (alteration in original).

[16]  *Coit v. Malichaik*, No. 1:23-CV-01124, 2024 WL 289335, at *3 (M.D. Pa. Jan. 25, 2024).

complaint and attempting to make sense of it is an hours-long endeavor. Properly responding to it, as defendants potentially must, would be a Herculean task. Williams' complaint, moreover, is "rife with irrelevant facts" and information that compounds the difficulty of properly formulating a response.[17]

Williams' allegations are cluttered, long-winded, and confusing. He often begins a paragraph by naming several dozen defendants, and then provides vague and conclusory allegations in a run-on sentence that asserts some type of collective, unconstitutional conduct.[18]

As just one example, on page 6 of his complaint, he asserts that *fifty-four* different defendants "insofar of [sic] the DTU of the Local Agency S.C.I. Rockview denied the Plaintiff [sic] Grievance's [sic] thier [sic] appeal forms, request slips to attend adequate law library in the preparation of legal documents and seeking corrective process to deter their co-worker willfully judicial and prosecutorail [sic] misconduct by encouragement / condoning deprivation of the Plaintiff's obligation to exhaust his state amendstrative [sic] remedies in order for his Civil Action and it's [sic] appeal to be dismiss [sic] as reasonable access to the courts through cruel and unusal [sic] punishment by false imprisonment by solitory [sic] confinement deprive of yard, group, shower, to be deprive [sic] of placing mail in the mail box as reasonable access to the courts in joint omission victim D

---

[17] *See Adderly v. Stofko*, 646 F. App'x 138, 141 (3d Cir. 2016) (nonprecedential).
[18] *See, e.g.*, Doc. 1 at 6, 10.

by sunlight as medicial / phycological [sic] treatment as a hate crime for being accuse [sic] of rape as articulated in the Hearing Examiner Action and place [sic] in a cell with another inmate after having a fight to entice a fight between inmate's [sic] in order to place the Plaintiff in another cell without a matters [sic] and deneied [sic] to watch T.V."[19]  What Williams is claiming occurred, when it took place, and who committed the particular act or acts, is anyone's guess.

Not only is Williams' complaint excessively long and hopelessly confused, but it also contains innumerable disparate and unrelated claims against different defendants, in violation of Federal Rule of Civil Procedure 20(a)(2).  As best as the Court can tell, Williams is attempting to assert claims sounding in—among other things—malicious prosecution, false imprisonment, due process, retaliation, conspiracy, denial of access to the courts, cruel and unusual punishment, deliberate indifference to serious medical needs, deprivation of property without due process of law, discrimination, excessive force, unlawful conditions of confinement, theft, extortion, prosecutorial misconduct, and sexual abuse.  There is little to no connection between any of these claims, and they are lodged against hundreds of different defendants who are spread out over Pennsylvania and Michigan.

Williams, however, cannot bring these unrelated claims against diverse defendants in a single complaint.  They are plainly not part of the "same

---

[19]   Doc. 1 at 6 ¶ (f).

transaction, occurrence, or series of transactions or occurrences," nor is there a "question of law or fact common to all defendants" such that these claims and diverse defendants could be permissively joined together in a single action.[20]  If Williams desires to press these numerous, unrelated claims in federal court, he would be required to file separate Section 1983 lawsuits (likely dozens of them) and he would have to pay the filing fee for <u>each</u> case.  He cannot attempt to circumvent the Prison Litigation Reform Act (PLRA) by filing one lawsuit alleging every perceived wrong by hundreds of state and local officials over the course of several decades.[21]

### B.    Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[22]  Williams will be given leave to amend but must adhere to the following pleading directions:

- The amended complaint must be a stand-alone document, complete in itself and without reference to any previous pleading.

- The amended complaint should set forth Williams' claim (or claims) in *short, concise, and plain statements*, and in sequentially numbered paragraphs.  Williams must decide which claim or claims he is pursuing

---

[20]  *See* FED. R. CIV. P. 20(a)(2)(B).

[21]  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (explaining that "[u]nrelated claims against different defendants belong in different suits" not only to prevent confusion but also to ensure that prisoners pay the required filing fees under the PLRA); *Redding v. Bilinski*, No. 3:15-cv-1047, 2015 WL 3710842, at *1-2 (M.D. Pa. June 12, 2015) (same).

[22]  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

in this case and must have a proper basis for joinder of claims and defendants.

- Williams must name proper defendants and specify the offending actions taken by a particular defendant.  He may not lump multiple defendants together and assert that they collectively took unlawful action, as he does throughout his initial complaint.

- Williams is admonished that he *must* comply with Federal Rule of Civil Procedure 20(a)(2) if attempting to join multiple defendants in a single lawsuit.

- Failure to adhere to these directives will result in the Court summarily striking any improper amended pleading.

If no appropriate amended complaint is timely filed, dismissal will automatically convert to dismissal with prejudice and the Court will close this case.

## III.   CONCLUSION

Based on the foregoing, the Court will dismiss Williams' complaint for failure to comply with Federal Rule of Civil Procedure 8.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

8