**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL B. WILLIAMS, JR., | No. 4:25-CV-00924 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

**SEPTEMBER 24, 2026**

Plaintiff Michael B. Williams, Jr., is a serial *pro se* litigant who is currently incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania (SCI Huntingdon). He filed the instant *pro se* Section 1983[1] action in 2025, alleging a plethora of unrelated Section 1983 claims against hundreds of different defendants. His initial complaint plainly violated multiple pleading rules and standards and was dismissed with leave to amend. Williams filed an amended complaint, but that pleading does not cure the fundamental deficiencies with his lawsuit, so his case will be dismissed with prejudice.

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

## I. STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to

---

2 *See* 28 U.S.C. § 1915A(a).

3 *Id.* § 1915A(b)(1).

4 *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

5 *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

6 *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Williams proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13] This is particularly true when the *pro se* litigant, like Williams, is incarcerated.[14]

---

7 *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

8 *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

9 *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

10 *Id.* (quoting *Iqbal*, 556 U.S. at 679).

11 *Id.* (quoting *Iqbal*, 556 U.S. at 679).

12 *Iqbal*, 556 U.S. at 681.

13 *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

14 *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## II. DISCUSSION

Williams is no stranger to federal court. It appears that he has filed multiple lawsuits in the United States District Court for the Eastern District of Michigan,[15] the United States District Court for the Western District of Pennsylvania,[16] as well as an unsuccessful appeal at the Third Circuit in one of those Pennsylvania cases.[17]

In the case at bar, Williams' original complaint attempted to sue nearly _*four hundred*_ different defendants, including police officers, prosecutors, judges, public defenders, private attorneys, witnesses, medical practitioners, scientists, low-level corrections officers at multiple state correctional institutions, prison administrative officials, grievance officers, superintendents, and even the Secretary of the Pennsylvania Department of Corrections (DOC). The named defendants were from geographically diverse areas such as Detroit, Michigan; Erie, Pennsylvania; Frackville, Pennsylvania; Collegeville, Pennsylvania; Albion, Pennsylvania; Bellefonte, Pennsylvania; and Mechanicsburg, Pennsylvania.[18]

Williams' sprawling, omnibus complaint spanned 36 mostly single-spaced pages and contained vague, conclusory, and largely unrelated claims against the hundreds of defendants named in his pleading. He appeared to challenge actions

---

15 *See generally Williams v. Penman*, No. 2:19-cv-12505 (E.D. Mich.); *Williams v. Penman*, No. 2:23-cv-11230 (E.D. Mich.); *Williams v. Spagel*, No. 2:25-cv-10860 (E.D. Mich.).

16 *See generally Williams v. Spagel*, No. 15-cv-00304 (W.D. Pa.); *Williams v. Spagel*, No. 1:22-cv-00334 (W.D. Pa.).

17 *See generally Williams v. Spagel*, No. 24-1503 (3d Cir.).

18 *See generally* Doc. 1-2.

and conduct stretching back nearly two decades, and many of his outdated claims had already been raised and adjudicated in his prior district court litigation.[19]

On February 24, 2026, the Court screened Williams' "excessively verbose and overlong complaint."[20] The Court found that Williams' pleading plainly violated Federal Rule of Civil Procedure 8 (among others) and dismissed it without prejudice, giving him the opportunity to try again.[21] The Court also provided Williams with specific pleading instructions.[22]

Williams filed several documents after the Court issued its February 24 Memorandum,[23] but it is impossible to say with any certainty what those documents intend. It appears that Williams has completely disregarded the Court's instructions and instead attempted to add *even more* claims and defendants to his case,[24] in plain violation of this Court's previous order and Federal Rule of Civil Procedure 20(a)(2). If in fact that is what Williams is attempting to do, his "amended complaint" is subject to dismissal for all the same reasons this Court provided in its February 24 Memorandum.

---

19 *See Williams v. Spagel*, No. 24-1503, 2024 WL 3738637, at *1 (3d Cir. Aug. 9, 2024) (per curiam) (nonprecedential); *see generally Williams v. Penman*, No. 2:23-cv-11230 (E.D. Mich.).

20 *See* Doc. 28 at 2-8.

21 *See id.*; Doc. 29.

22 *See* Doc. 28 at 7-8.

23 Docs. 30, 31, 32.

24 *See, e.g.*, Doc. 30 ("[Amendment] of Pleading Adding New Defendants per L.R. 15.1"); Doc. 31 at 1 ("motion to amend" seeking to add new claims and defendants involving allegations of false misconduct reports).

### A. Federal Rules of Civil Procedure Pleading Requirements

Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."[25] Each allegation of a pleading must be "simple, concise, and direct."[26] Together, Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules."[27] A statement must be plain "to give the adverse party fair notice of the claim asserted so as to enable [the party] to answer and prepare for trial," and must be short to avoid placing "an unjustified burden on the court and the part[ies] who must respond to it because they are forced to select the relevant material from a mass of verbiage."[28] "Rule 8(a) requires that a complaint be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim."[29] As the United States Court of Appeals for the Third Circuit has explained, "a district court acts within its discretion when it dismisses an

---

25 FED. R. CIV. P. 8(a)(1), (2).

26 FED. R. CIV. P. 8(d)(1).

27 *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (quoting 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 1217 at 169 (2d ed. 1990)).

28 *Folk v. Bureau of Prisons*, No. 21-1543, 2021 WL 3521143, at *3 (3d Cir. Aug. 11, 2021) (nonprecedential) (second alteration in original) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

29 *Glover v. F.D.I.C.*, 698 F.3d 139, 147 (3d Cir. 2012) (internal quotation marks and citation omitted)

excessively prolix and overlong complaint," especially after the litigant has been given an opportunity "to better tailor [his] pleading."[30]

As noted, Williams appears to be attempting to add even more claims and diverse defendants to his current complaint. If so, this strategy is a nonstarter. As the Court previously explained, Williams' original complaint was a fever dream of excessively prolix and confused pleading, "constituting a significant departure from the spirit and letter of Rule 8."[31] Williams had named almost four hundred different defendants, discussed conduct reaching back decades, and included run-on allegations that were—quite simply—unintelligible.[32] Thus, to the extent that Williams is attempting to add even more claims and defendants to his previous improper pleading, that attempt is summarily rejected for all the reasons provided in this Court's February 24, 2026 Memorandum.

### B. Claim Preclusion and Statute of Limitations

It is possible, however remotely, that Williams is attempting to pare down his overlong complaint. In the third document he filed, (labeled "Complaint 'Notice to Defend'"),[33] Williams sues the Erie Police Department, Erie County District Attorney's Office, Erie County Court of Common Pleas and their

---

30 *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019), *cert. denied*, __ U.S. __, 140 S. Ct. 1611 (2020) (alteration in original).

31 *See* Doc. 28 at 4-6 (quoting *Coit v. Malichaik*, No. 1:23-CV-01124, 2024 WL 289335, at *3 (M.D. Pa. Jan. 25, 2024)).

32 *See id.*

33 Doc. 32.

attorneys, the Erie County Public Defender's Office, Erie County "Witnesses," and the Pennsylvania DOC.[34] He once again asserts Section 1983 claims regarding his arrests and convictions in 2006 and 2012.[35]

These claims, however, are barred by claim preclusion and the statute of limitations. First, many of Williams' claims are barred by claim preclusion[36] because they either were raised (or could have been raised) and decided on the merits in his previous civil rights lawsuits in the Western District of Pennsylvania and Eastern District of Michigan.[37] The United States Court of Appeals for the Third Circuit has already held as much.[38]

The claims (which involve events in 2006 and 2012) are also plainly barred by the statute of limitations. The statute of limitations applicable to Section 1983 claims in Pennsylvania is two years.[39] That two-year period accrues (or begins to run) when the plaintiff "knew or should have known of the injury upon which his action is based"[40] and "the last act needed to complete the tort occurs."[41] Any

---

34 *See id.* at 1.

35 *See id.* at 1-2.

36 *See Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 276 (3d Cir. 2014) (listing elements of claim preclusion).

37 *See, e.g.*, *Williams v. Spagel*, No. 1:22-cv-00334, Doc. 21 at 2-3 (W.D. Pa. Oct. 30, 2023) (noting that, as best as the court could tell, Williams' claims primarily involved his 2012 criminal arrest and 2014 conviction).

38 *See Williams v. Spagel*, No. 24-1503, 2024 WL 3738637, at *1 (3d Cir. Aug., 9, 2024) (per curiam) (nonprecedential).

39 *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); 42 PA. CONS. STAT. ANN. § 5524(7).

40 *Sameric Corp. of Del. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (citation omitted).

41 *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018).

claim that Williams is (inartfully) attempting to raise in the instant case challenging his arrest(s) and prosecution(s) from the early 2000s is barred by Section 1983's two-year statute of limitations, and that time-bar is obvious from the face of his amended pleadings.[42]

**C. Leave to Amend**

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[43] The Court will deny further leave to amend. Williams has failed to cure his pleading deficiencies even after receiving leave to amend and being given explicit directions for amendment. Moreover, providing further leave to amend would be futile, as Williams' claims are barred by claim preclusion and the statute of limitations.

**D. Dismissal as Frivolous and Malicious**

Williams' federal filings have an obvious pattern in which he attempts to collaterally attack his prior arrests and convictions and sue every state official he can possibly name. His numerous federal lawsuits are duplicative and thus frivolous.

---

[42] To the extent Williams is attempting to assert a malicious prosecution claim, (*see* Doc. 32 at 2 ¶¶ 9, 11), he has failed to state such a claim because he has not alleged, *inter alia*, that his criminal proceedings terminated in his favor. *See Geness v. Cox*, 902 F.3d 344, 355 (3d Cir. 2018) (citation omitted).

[43] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Duplicative claims may be dismissed as frivolous or malicious.[44] "As part of its general power to administer its docket, a district court may . . . dismiss a suit that is duplicative of another federal court suit."[45] Indeed, "[t]he power to dismiss a duplicative lawsuit is meant to foster judicial economy and the comprehensive disposition of litigation."[46]

It is plainly evident that the present lawsuit raises issues that have already been litigated in other federal court cases in the Western District of Pennsylvania and the Eastern District of Michigan. These claims have been repeatedly rejected, and Williams has already been informed that he cannot re-raise them in federal court.[47] Williams' continual refiling of these claims is both abusive and frivolous.

---

[44] *See Washington v. Gilmore*, 825 F. App'x 58, 60 n.2 (3d Cir. 2020) (nonprecedential) (citing *Higgins v. Carpenter*, 258 F.3d 797, 801 (8th Cir. 2001) (per curiam); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)); *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) ("Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." (quotation marks and alterations omitted)); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that '[r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious.'" (citation omitted)); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (explaining that "[a] complaint that merely repeats pending or previously litigated claims may be considered abusive" such that it qualifies as "malicious"); *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975) (affirming district court's dismissal of case as "frivolous" due to existence of prior complaint, then pending, alleging same conduct by same defendant).

[45] *Curtis v. Citibank*, N.A., 226 F.3d 133, 138 (2d Cir. 2000); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation." (citations omitted)).

[46] *Curtis*, 226 F.3d at 138 (citation and internal quotation marks omitted).

[47] *See Williams*, No. 24-1503, 2024 WL 3738637, at *1.

The duplicative case at bar, therefore, will be dismissed as frivolous or malicious pursuant to 28 U.S.C. § 1915A(b)(1).[48]

To the extent that Williams is attempting to raise a new claim in (one of) his amended pleadings against the DOC for an allegedly false misconduct,[49] that claim is not part of the original complaint in this case, nor has Williams sought permission to file a supplemental complaint under Federal Rule of Civil Procedure 15(d). Even if he had, that request would be denied because the supplemental claim fails to state a claim for relief.[50] Williams is free to file a separate lawsuit regarding that claim, but will be required to pay the filing fee for it.

## III. CONCLUSION

Based on the foregoing, the Court will dismiss with prejudice Williams' amended complaint as frivolous and malicious. An appropriate Order follows.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
Chief United States District Judge

---

48 *See Washington*, 825 F. App'x at 60 n.2; *Higgins*, 258 F.3d at 801; *Cato*, 70 F.3d at 1105; *Pittman*, 980 F.2d at 994-95; *McWilliams*, 121 F.3d at 574; *Crisafi*, 655 F.2d at 1309.

49 *See* Doc. 32 at 1 ¶ 5 (discussing alleged false misconduct issued on "09-09-2025").

50 Williams alleges that the constitutional offender issuing the false misconduct was the Pennsylvania DOC, which is not a "person" for Section 1983 purposes. *See Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 215 (3d Cir. 2017) (nonprecedential) (dismissing Section 1983 claims against prison and Department of Corrections because they "are not persons subject to suit under" Section 1983).